UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

|  |  |  |
|---|---|---|
| VIDA GUERRA, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No.: 2:24-cv-375 |
| | ) | |
| MINX HOLDINGS INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATIONS

Before the Court is Plaintiffs' Motion for Default Judgment as to Defendant Minx Holdings Inc. ("Motion for Default Judgment"), filed on July 1, 2025. ECF No. 12. This matter was referred to the undersigned United States Magistrate Judge ("undersigned") for a report and recommendation pursuant to a referral order from the United States District Judge. ECF No. 14. Prior to the referral order, the Clerk of the Court entered default as to Defendant Minx Holdings Inc. ("Defendant")[1] on March 17, 2025. ECF No. 11. Defendant has not responded to the motion and the time to do so has expired. For the following reasons, the undersigned **RECOMMENDS** the motion be **DENIED**.

## I. FACTUAL AND PROCEDURAL BACKGROUND

These facts are as alleged in Plaintiffs' Complaint because Defendant has failed to respond and has not made an appearance in this matter. Plaintiffs are fourteen professional models who reside throughout the United States and England. ECF No. 1 at ¶¶ 5-21. Plaintiffs model and

---

[1] Plaintiffs' instant motion requests default judgment against only Defendant Minx Holdings Inc. ECF No. 12. However, Plaintiffs' Complaint was filed against both Defendant and Does 1 through 5. ECF No. 1.

license their images to companies, magazines, and individuals for advertising purposes. *Id.* ¶ 25. Defendant is a Virginia corporation that operates a nightclub called Minx Gentlemen's Club in Virginia Beach, Virginia. *Id.* ¶¶ 6, 22. Defendant altered images of Plaintiffs to make it appear that Plaintiffs worked at, endorsed, or were otherwise affiliated with Minx Gentlemen's Club. *Id.* ¶ 27. Minx Gentlemen's Club subsequently posted the images on the club's various social media accounts to promote the club and attract patrons. *Id.* ¶¶ 75-76. Plaintiffs never authorized Defendant's use of their images. *Id.* ¶ 29. Furthermore, at no point has any Plaintiff been affiliated with or employed by either Minx Gentlemen's Club or Defendant. *Id.* ¶ 80. No Plaintiff has received compensation by Defendant for the use of her images. *Id.* ¶ 81.

On June 11, 2024, Plaintiffs filed their Complaint alleging five causes of action, including two violations of the Lanham Act, violations of Plaintiffs' rights of publicity under Virginia law, business conspiracy, and defamation. *Id.* ¶¶ 99-160. In the Complaint, Plaintiffs seek damages and injunctive relief based on Defendants' unauthorized use of Plaintiffs' images: (1) actual damages in the amount of $1,000,000, plus pre-judgment and post-judgment interest; (2) a permanent injunction preventing Defendant from using Plaintiffs' images to promote Minx Gentlemen's Club; (3) punitive damages in the amount of $350,000; (4) costs and attorneys' fees; and (5) any other relief that the Court deems just and proper. *Id.* at 29.

After Plaintiffs filed the Complaint, the Clerk of the Court issued a summons addressed to Defendant, care of Defendant's registered agent. ECF No. 3. On July 18, 2024, Plaintiffs filed an affidavit of service signed by their process server. ECF No. 6. The affidavit of service indicated that Plaintiffs' process server attempted service by posting the Summons and Complaint to the "front door or at such other door as appears to be the main entrance" of Minx Gentleman's Club

2

on July 12, 2024. *Id.* at 1. The service form describes this as "POSTED" service, with the following description:

> Being unable to make a personal service and not finding the above mentioned person at his/her usual place of abode nor any member of his/her family the age of 16 years or older at said abode by posting a copy of such process at the front door or at such other door as appears to be the main entrance of such place of abode.

*Id.* Beneath this description of posted service, the form also contains an option to indicate service on a business, which may be made "[a]t usual place of business or employment during business hours, by delivering the above specified paper(s) and giving information of it's [sic] purport to the person found there in charge of such business or place of employment." *Id.* Handwritten notes on the service form indicate that the process server went to Minx Gentleman's Club when the business was closed and no staff were present.[2] *See id.* at 1. Other than this July 12, 2024 attempt at service, there is no evidence in the record that Plaintiffs attempted service on Defendant in any other manner or on any other date.

Between September 12, 2024 and March 17, 2025, neither Plaintiffs nor Defendant filed a pleading or otherwise acted in this case. On February 27, 2025, the Clerk of the Court issued a notice to Plaintiffs' counsel requesting a status report or a request for entry of default within fifteen days from the date of the notice. ECF No. 9. Thereafter, on March 17, 2025, Plaintiffs requested the Clerk of the Court enter default as to Defendant pursuant to Federal Rule of Civil Procedure 55(a). ECF No. 10. That same day, the Clerk entered default as to Defendant. ECF No. 11. On July 1, 2025, Plaintiffs filed their Motion for Default Judgment pursuant to Federal Rule of Civil Procedure 55(b). ECF No. 12. Plaintiffs' memorandum of law in support of Plaintiffs' Motion for Default Judgment requested as relief: (1) actual damages in the amount of $885,000 or, in the

---

[2] Plaintiffs' process server specifically noted that they did not attempt service on Defendant during business hours, writing at the bottom of the service form, "Business closed, no staff present, opens @ 6p." *See* ECF No. 6 at 1.

alternative, a hearing on the issue of Plaintiffs' damages; (2) a permanent injunction preventing Defendant from using Plaintiffs' images and likeness in Defendant's commercial advertising; and (3) costs and attorneys' fees. ECF No. 13 at 6-7. Defendant has not responded to Plaintiffs' motion.

## II.  STANDARD OF REVIEW

Default is appropriate "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). The party seeking entry of default judgment "must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2).

Prior to granting a motion for default judgment, the Court must ensure it has personal jurisdiction over the defaulting party. *See Michael Grecco Prods., Inc. v. Black Connections LLC*, No. 3:23-cv-516, 2024 WL 2261938, at *4 (E.D. Va. May 17, 2024) ("Along with the constitutional and statutory requirements for personal jurisdiction, service of process must be properly effectuated on the defendant for a court to have personal jurisdiction over that defendant."). Otherwise, a default judgment entered by a court lacking personal jurisdiction over the defendant is void. *See Foster v. Arletty 3 Sarl*, 278 F.3d 409, 414 (4th Cir. 2002) ("A default judgment entered by a court which lacks jurisdiction over the person of the [defendant] is void . . ." (quoting *Precision Etchings & Findings, Inc. v. LGP Gem, Ltd.*, 953 F.2d 21, 23 (1st Cir. 1992))).

A defendant must be properly served with process for the Court to have personal jurisdiction over that defendant. *See Mid-Century Ins. Co. v. Thompson*, No. 2:18-cv-459, 2019 WL 3769952, at *3 (E.D. Va. Aug. 9, 2019) (citing *Armco v. Penrod-Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984)). Notice of the pendency of an action must be "reasonably

calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Todman v. Mayor & City Council of Baltimore*, 104 F.4th 479, 488 (4th Cir. 2024) (quoting *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).  While "[a]ctual notice is not necessary," "[n]otice must not be a mere gesture, but rather an effort reasonably calculated to effect actual notice." *Snider Intern. Corp. v. Town of Forest Heights, Md.*, 736 F.3d 140, 146 (4th Cir. 2014).  Thus, without proper service of process on the defendant, the Court lacks personal jurisdiction to enter a default judgment against that defendant. *See Banilla Games, Inc. v. Guangzhou Yingfeng Tech. Co.*, No. 3:23-cv-182, 2023 WL 7413327, at *2 (E.D. Va. Nov. 9, 2023) ("However, service of process was not properly effected in this case, a prerequisite to a court granting default judgment."); *Armco*, 733 F.2d at 1089 ("Since there was no valid service of process, the district court was without jurisdiction of the defendant, and the default judgment was void.").

Under the Federal Rules of Civil Procedure, a corporation can be served in the following ways:

> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant . . .

Fed. R. Civ. P. 4(h)(1).

Furthermore, Rule 4(e)(1) authorizes service on a corporation by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).

5

The Code of Virginia outlines three possible ways to serve a corporation.[3]  First, by "personal service of any officer, director, or registered agent." Va. Code Ann. § 8.01-299(1). Second, by "substituted service on stock corporations in accordance with § 13.1-637." Va. Code Ann. § 8.01-299(2).  Third, "[i]f the address of the registered office of the corporation . . . is a single-family residential dwelling," then a Virginia corporation can be served by substituted service on the registered agent "in the manner provided by subdivision 2 of § 8.01-296." Va. Code Ann. § 8.01-299(3).  Subdivision 2 of § 8.01-296, in turn, provides two possible means of "substituted service" on a registered agent:

> (a) If the party to be served is not found at his usual place of abode, by delivering a copy of such process and giving information of its purport to any person found there, who is a member of his family, other than a temporary sojourner or guest, and who is of the age of 16 years or older; or
> (b) If such service cannot be effected under subdivision 2 a, then by posting a copy of such process at the front door or at such other door as appears to be the main entrance of such place of abode, provided that not less than 10 days before judgment by default may be entered, the party causing service or his attorney or agent mails to the party served a copy of such process and thereafter files in the office of the clerk of the court a certificate of such mailing.

Va. Code Ann. § 8.01-296(2).

The "substituted service" as described in § 8.01-296(2)(b) above is what is informally known as "nail and mail" service. *See Michael Grecco Prods., Inc.*, 2024 WL 2261938, at \*5.  To serve the registered agent of a Virginia corporation under this provision, the address of the registered office of the corporation must be a "single-family residential dwelling." Va. Code Ann. § 8.01-299(3); *see J & J Sports Prods., Inc. v. Wing Bistro LLC*, No. 4:13-cv-31, 2013 WL 6834645, at \*3 (E.D. Va. Dec. 19, 2013) (finding that "nail and mail" service was proper where,

---

[3] The Code of Virginia specifies that "[t]his section does not prescribe the only means, or necessarily the required means, or serving a domestic stock or nonstock corporation or limited liability company." Va. Code Ann. § 8.01-299.

after making three unsuccessful attempts at personal service at the defendants' registered agents' addresses, the process server posted service at those addresses).

### III. ANALYSIS

Plaintiffs ask the Court to enter default judgment against Defendant on the grounds that Defendant failed to answer or otherwise defend against Plaintiffs' Complaint. ECF No. 13 at 1. Because Plaintiffs have not shown proper service of process on Defendant, the Court lacks personal jurisdiction over Defendant and cannot recommend entry of default judgment. *See Armco v. Penrod-Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984).

The Federal Rules of Civil Procedure permit Plaintiffs to serve Defendant, a Virginia corporation, either through personal service on Defendant's registered agent or in a manner that conforms with Virginia law. *See* Fed. R. Civ. P. 4(h)(1), 4(e)(1). Here, Plaintiffs' process server attempted service by posting the Summons and Complaint to the main entrance of Minx Gentleman's Club. *See* ECF No. 6. By posting the Summons and Complaint at Minx Gentleman's Club, Plaintiffs attempted to follow Virginia's "nail and mail" method of substituted service on the registered agent of a corporation. *See* Va. Code Ann. § 8.01-296(2)(b); *Michael Grecco Prods., Inc.*, 2024 WL 2261938, at *5. However, to serve a registered agent under this provision, Virginia law requires that the address of the registered office of the corporation be a "single-family residential dwelling." *See* Va. Code Ann. § 8.01-299(3). There is no indication here that Defendant's registered office is a single-family residence. Instead, the proof of service identifies Defendant's place of business—Minx Gentleman's Club—as the service location. *See* ECF No. 6. Thus, the executed service form shows only that Plaintiffs' process server posted the Summons and Complaint at Defendant's place of business, not at the main entrance of a "single-family residential dwelling" as required by Virginia law. *See* Va. Code Ann. § 8.01-299(3).

The executed service form itself confirms that posting the Summons and Complaint is proper only when serving an individual at a residence, not at a place of business. The service form's description of posted service[4] mirrors the language of the Code of Virginia § 8.01-296, which permits posted service only at the "usual place of abode" of a natural person when personal service is unsuccessful and no qualified person is present to receive service. Va. Code Ann. § 8.01-296(2). Thus, the form itself makes clear that posted service is proper only at an individual's residence, not at their place of business.

Furthermore, the service form separately addresses service on a business. *See* ECF No. 6 at 1. This option for service on a business outlines a method specific to businesses and distinct from posting the summons and complaint on the main entrance of a residence. *Id.* Because Plaintiffs did not serve Defendant in this manner, their attempt to serve process by posting at Minx Gentleman's Club was improper.

Even if Plaintiffs had properly posted the Summons and Complaint at a residential dwelling—which would require that Minx Gentlemen's Club be a residence in addition to a commercial establishment, an unlikely proposition—their attempt at service would still be deficient. Virginia's "nail and mail" provision requires not only that process be posted at Defendant's usual place of abode but also that a copy be mailed to Defendant at that address and a "certificate of such mailing" be filed in the office of the Clerk of the Court not less than ten days before default judgment may be entered (i.e., the "mail" portion). Va. Code Ann. § 8.01-296(2)(b). Here, the record contains no evidence that Plaintiffs mailed a copy of the Summons and Complaint following the posting. Thus, even if Plaintiffs properly posted service, they could not have satisfied all the requirements of substituted service under Virginia law without providing proof of

---

[4] *See supra* Part I.

mailing. *See Michael Grecco Prods., Inc.*, 2024 WL 2261938, at \*6 (finding improper service where the plaintiff properly posted the summons and complaint to the main entrance of the registered agent's "usual place of abode" but did not thereafter mail a copy to the defendant or file a certificate of mailing with the court).

On the record, the Court cannot conclude that service was proper here. Plaintiffs did not satisfy Virginia law for posting service, and the Court cannot confirm that service here was "reasonably calculated" to notify Defendant of the pendency of this action. *See Todman v. Mayor & City Council of Baltimore*, 104 F.4th 479, 488 (4th Cir. 2024) (quoting *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).

## IV. <u>RECOMMENDATION</u>

For the reasons stated herein, the undersigned **RECOMMENDS** that Plaintiff's Motion for Default Judgment, ECF No. 12, be **DENIED**.

## V. <u>REVIEW PROCEDURE</u>

By receiving a copy of this Report and Recommendation, the parties are notified that:

1. Any party may serve on the other party and file with the Clerk of this Court specific written objections to the above findings and recommendations within fourteen (14) days from the date this Report and Recommendation is forwarded to the objecting party, *see* 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), computed pursuant to Federal Rule of Civil Procedure Rule 6(a). A party may respond to another party's specific written objections within fourteen days after being served with a copy thereof. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

2. A United States District Judge shall make a *de novo* determination of those portions of this Report and Recommendation or specified findings or recommendations to which objection is

made. The parties are further notified that failure to file timely specific written objections to the above findings and recommendations will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984), *cert. denied*, 474 U.S. 1019 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984).

The Clerk is **DIRECTED** to forward a copy of this Order to all counsel of record.

It is so **ORDERED**.

Lawrence R. Leonard
United States Magistrate Judge

Norfolk, Virginia
September 8, 2025